**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DONALD CLAY, | : | |
| | : | Civil Action No. 08-723 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| NEW JERSEY STATE PAROLE | : | |
| BOARD, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Donald Clay, Pro Se
#132631
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**SIMANDLE**, District Judge

Plaintiff Donald Clay, a prisoner confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights, pursuant to 42 U.S.C. § 1983.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

Plaintiff challenges the calculation of his mandatory minimum sentence, and miscalculation of his parole eligibility date. Plaintiff states that he had a five-year mandatory minimum sentence and a 30 year "back number." He writes: "Someone is adding on to my mandatory minimum and my max at the same time, causing me to do more time than the time originally given to me requires, causing me to pass my P[arole] E[ligibility] D[ate] by years and I can't afford that at all."

Plaintiff seeks to sue a number of defendants, including: Andrew Consovoy, Chairman of the Parole Board (for allowing members of his staff to send and calculate inaccurate information); William T. McCargo, Vice Chairman of the Parole Board (for failing to supervise and properly train staff); Yolette Ross, Vice Chairwoman of the Parole Board (for lack of insight and unprofessional conduct); Peter J. Barnes, current Chairman of the Parole Board (for negligent hiring and failure to oversee employees' work credentials); Nicole Artis, Parole Counselor (for miscalculating parole eligibility date); Lawrence J. Gregorio, Director of the Division of Release (for not responding to Plaintiff's letter concerning these issues); and

Joyce Arciniaco-Kroeger, Director of Division of Hearings (for miscalculating parole eligibility date). Plaintiff seeks monetary relief, and release on parole.

## DISCUSSION

### A.  Standard of Review

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S.

Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or

4

Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Complaint Will Be Dismissed.**

It is well-settled that there is no federal constitutional right to parole or to an error-free parole decision-making process; states, however, may create a parole entitlement protected by the Due Process Clause.  See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). See also Board of Pardons v. Allen, 482 U.S. 369 (1987); Prevard v. Fauver, 47 F. Supp.2d 539, 545 (D.N.J.), aff'd, 202 F.3d 254 (3d Cir. 1999).

Both federal and state courts have held that the New Jersey parole statute contains language creating an expectation of parole eligibility entitled to some measure of due process protections.  See Williams v. New Jersey State Parole Board, 1992 WL 32329, *2 (D.N.J. Feb. 4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992); New Jersey State Parole Board v. Byrne, 93 N.J. 192, 203 (1983).  Judge Lifland of this Court has held that these cases remain good law even after taking into account the rule announced by the Supreme Court in Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted), that liberty interests created by state law "will be generally limited to freedom from restraint

5

which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Watson v. DiSabato, 933 F. Supp. 390, 392-93 (D.N.J. 1996) (prisoner has liberty interest in parole decisions, including notice of determination, statement by the government, and opportunity for prisoner to submit written response).

Prisoners may utilize § 1983 to challenge the constitutionality of parole procedures in actions seeking declaratory and injunctive relief. See Wilkinson v. Dotson, 544 U.S. 74 (2005). The question remains what process is due. The Supreme Court of New Jersey has stated that

> Only a few basic procedures are required to deal with the risks of erroneous or arbitrary determinations in this context. We conclude that the process required is notice of the pendency of the parole disposition, a statement by the objecting judge or prosecutor of the reasons why the punitive aspects of the sentence have not been fulfilled, and the opportunity for the prisoner to respond in writing to that statement of reasons. No hearing, confrontation, or counsel issues are implicated here.

Byrne, 93 N.J. at 211.

This is not to say that every allegation of constitutional violations in parole proceedings is the proper subject for an action under § 1983. In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas

6

corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

Here, it does not appear that Plaintiff is challenging general parole procedures.  To the extent Plaintiff challenges the denial of parole or miscalculation of the parole eligibility date, and seeks speedier release, the claim is properly the subject of a petition for writ of habeas corpus, not an action under § 1983.  See Benson v. New Jersey State Parole Board, 947 F. Supp. 827 (D.N.J. 1996).  No § 1983 action seeking monetary relief will accrue until such time as the parole decision has been invalidated through a habeas or other appropriate action.  See Heck v. Humphrey, 512 U.S. 477, 489-90 (1994).

Plaintiff's claims that certain defendants failed to supervise and/or train the Parole Board defendants must also be dismissed.  It is settled law that supervisory personnel may be held liable under § 1983 only if their own actions caused the constitutional deprivation.  See Keenan v. City of Philadelphia, 983 F.2d 459, 466 (3d Cir. 1992).  A supervisor may be held liable for the actions of subordinates only if the plaintiff can show that the supervisor:  (1) participated in violating the plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his or her subordinates' violations; or (4) tolerated past or ongoing misbehavior.  See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995); Friedland v. Fauver, 6 F. Supp.2d 292, 302-03 (D.N.J. 1998).  Furthermore, where a plaintiff seeks to establish liability based on a supervisor's failure to train or supervise adequately, the plaintiff must show that a need for more or different training or supervision is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train or supervise can fairly be said to represent official policy.  See City of Canton v. Harris, 489 U.S. 378, 388-92 (1989); Stoneking v. Bradford Area School Dist., 882 F.2d 720, 724-26 (3d Cir. 1989), cert. denied, 493 U.S. 1044 (1990).

From the facts alleged in the complaint, Plaintiff's claims against defendants Consovoy, McCargo, Ross, Gregorio and Barnes

must be based on an impermissible theory of respondeat superior or vicarious liability.  See Polk County v. Dodson, 454 U.S. 312, 324 (1981) (stating that a § 1983 claim cannot be based on respondeat superior liability); Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978) (holding that supervisory personnel are liable under § 1983 only if they have some personal role in causing the alleged harms or were responsible for some custom or practice which resulted in the violations).  Thus, the claims against these defendants must be dismissed, for failure to state a claim upon which relief may be granted.

Finally, Plaintiff names the New Jersey State Parole Board as a defendant in this action.  As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.[1]  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of

---

[1] The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Section 1983 does not override a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332 (1979).  Moreover, the New Jersey State Parole Board is not a "person"  subject to suit under 42 U.S.C. § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 68-70 (1989) (holding that States and governmental entities considered "arms of the State" for Eleventh Amendment purposes are not "persons" within the meaning of § 1983); Madden v. New Jersey State Parole Board, 438 F.2d 1189, 1190 (3d Cir. 1971) (stating that New Jersey Parole Board not a person under § 1983).  Therefore, the complaint must be dismissed as against the Parole Board.

## CONCLUSION

For the reasons set forth above, the complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  An appropriate order follows.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated: **July 29, 2008**

10